UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81058-Civ-SCOLA

MARIA A. PALACIO,

    Plaintiff,

vs.

CITI MORTGAGE, INC.,

    Defendant.

_____/

## ORDER DENYING MOTION TO REMAND

THIS MATTER is before the Court upon Plaintiff's Motion to Remand [ECF No. 11]. For the reasons stated below, this Motion is denied.

### Introduction

Plaintiff filed this lawsuit in county court seeking the release of a property lien and similar declaratory and injunctive relief pertaining to a $158,000 mortgage note that she claims was discharged in bankruptcy. Defendant removed the case to this Court on the basis of diversity jurisdiction. No one disputes that the parties are of diverse citizenship and the Court finds them to be so. The question is whether the amount in controversy exceeds the $75,000 threshold necessary for removal. Plaintiff seeks remand, arguing that the case is not really about the value of the property or the mortgage, but is instead a breach of contract action for $1 based on Defendant's failure to release the lien following Plaintiff's discharge from bankruptcy. Plaintiff also contends that this action must be for less than $5,000 because the county court, where it was filed, only has jurisdiction over cases involving less than that amount.

### Legal Standard

A defendant may remove an action to federal district court if the parties' citizenship is diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The removing party bears the burden to demonstrate the existence of federal jurisdiction. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). The defendant is not "required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Instead, the defendant is required only to offer evidence that, when "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," will facilitate the conclusion that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See id.*

**Legal Analysis**

Although the Complaint prays for only $1, Plaintiff predominantly seeks declaratory and injunctive relief. In particular, she seeks "the release of lien from our property" and similar relief. Compl. ¶ 2. The lien in question stems from a $158,000 mortgage note on the property, although the parties' submissions do not indicate the outstanding balance of that note. The property itself is valued at around $150,000 according to the appraisals from the Palm Beach County Property Appraiser, which the Defendant has provided in support of removal.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Occidental Chem. Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993) (internal alterations and quotation marks omitted). In suits to cancel a mortgage or remove a cloud to title, courts have said that the amount in controversy for jurisdictional purposes is equal to the value of the land, not the amount due on the mortgage. *See Frontera Trans. Co. v. Abaunza*, 271 F. 199, 201 (5th Cir. 1921) ("the value of the lands, not the amount required to redeem [the mortgage], is the amount in controversy," where "decree [was] sought to prevent the defendant from using his mortgage and these notes for any purpose, and to clear up the title to this entire property"); *see also* 1A Fed. Proc., L. Ed. § 1:512 (2012).

Because the Plaintiff seeks declaratory and injunctive relief to release the lien on her property, the Court finds that the value of the property itself is the appropriate indicator of the amount in controversy. As noted above, the property's value well exceeds the $75,000 jurisdictional threshold. Accordingly, the Court finds that this action has been properly removed.

**Conclusion**

For the reasons explained herein, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion to Remand [ECF No. 11] is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida on January 2, 2013.

ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record;
Maria A. Palacio
  (Address of record)