UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81058-Civ-SCOLA

MARIA A. PALACIO,

    Plaintiff,
vs.

CITI MORTGAGE, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION WITHOUT PREJUDICE

THIS MATTER is before the Court upon the Motion for Appointment of a Different Mediator and for an Extension of Time to Conduct Mediation [ECF No. 21], filed by Defendant Citi Mortgage.

The Defendant relays that the court-appointed mediator has refused to accept the hourly rate of $250 set by Administrative Order 2008-08, instead demanding to paid at $400 per hour. As a consequence, Defendant would like the Court to order the Clerk to appoint a different mediator – an imminently reasonable request, and one the Court would be willing to grant. The Defendant also seeks an extension of the January 14, 2013 deadline to file a proposed order scheduling mediation, and a two-month extension of the mediation deadline currently set for March 5, 2013. The Court would be inclined to grant an extension of the first of these deadlines, but not the latter. The mediation deadline is nearly two months away and Defendant has not presented any reason why that is not sufficient time. At this time, however, the Court must deny the Motion in its entirety because Defendant has not properly complied with the good-faith conferral requirement imposed by this District's Local Rule 7.1(a)(3).

The Local Rule requires counsel for the movant to confer, or "make reasonable effort to confer (orally or in writing)," with the opposition prior to filing the motion, in order to potentially "resolve by agreement the issues to be raised in the motion." *See* S.D. Fla. L. R. 7.1(a)(3). Here, counsel for the Defendant states: "I reached out to Plaintiff *pro se* via e-mail to

inquire as to her consent to this motion *on January 11, 2013*," which is the same day the Motion was filed. *See* Mot. at 3 (emphasis supplied). Counsel's efforts do not satisfy the Local Rule:

> In order to "confer," a movant must have a give-and-take exchange with opposing counsel. Sending an email and demanding an immediate or near-immediate response and then filing a motion before having an actual substantive discussion with opposing counsel does not amount to a conference or consultation. Instead, it is a one-way missive.

*Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1299 n.2 (S.D. Fla. 2010) (Goodman, J.). In short, the Local Rule requires counsel to do more than merely represent that an unanswered email was sent to the opposition on the day of filing. Because Defendant's counsel did no more than that here, this Motion will be denied without prejudice for failure to comply with the Local Rule.

Accordingly, Defendant's Motion for Appointment of a Different Mediator and for an Extension of Time to Conduct Mediation [ECF No. 21] is **DENIED WITHOUT PREJUDICE**, with leave to re-file upon proper conferral, or reasonable efforts to confer, with the Plaintiff.

**DONE and ORDERED** in chambers, at Miami, Florida on January 11, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
U.S. Magistrate Judge;
Counsel of Record;

Maria A. Palacio,
10463 Greenwich Ct. E.,
Boca Raton, FL 33428